## Commonwealth v. Krout

*J. William Ditter, Jr.,* for Commonwealth.

*Frederick B. Smillie,* for defendant.

DANNEHOWER, P. J., December 18, 1958.—Defendant, Richard Krout, was indicted, tried and con-

victed by a jury upon one of two separate bills charging solicitation to commit sodomy.

Defendant has filed motions for a new trial and in arrest of judgment on the grounds that the verdict was contrary to the evidence and to the weight of the evidence. Defendant also filed additional reasons averring that the court erred in overruling his demurrer and that the court erred in charging the jury.

Defendant was acquitted of one bill charging solicitation to commit sodomy upon one Doris Hacker. Therefore we will not discuss the testimony relating to this charge.

The testimony discloses that this defendant on three or four occasions, telephoned a certain attractive married woman, whom he did not know except by sight, gave an assumed name and, using foul language, solicited her to commit sodomy. She reported the very first telephone call to the police, who set a trap and arrested defendant after the third or fourth telephone call.

Defendant signed a confession admitting the language used and that he gave an assumed name. He also admitted to a justice of the peace and police officers that he made such indecent proposals.

At the trial defendant admitted the use of foul and nasty language and testified that he had no expectation that she would yield to his suggestions, had no intention to pursue the matter further than the stage of nasty and indecent speech which gave him a thrill.

It is the contention of defendant that the words "solicit and incite" embodied in the statute, comprise two separate elements of the offense charged and that in this case the Commonwealth failed to prove one of the necessary elements, an incitement.

Defendant was indicted, tried and convicted under The Penal Code of June 24, 1939, P. L. 872, sec. 502, 18 PS §4502, which provides as follows:

"Whoever, unlawfully and maliciously, assaults another with intent to commit sodomy, or solicits, and incites another to permit and suffer such person to commit sodomy with him or her, is guilty of a felony..."

Defendant argues that "to solicit is to ask passively; to incite is to urge on with force with the expectation and determination of immediate and active results." It is the contention of defendant that even if it is admitted that a solicitation by telephone was proved, the conviction must fall because the Commonwealth failed to prove that Mrs. Schaffer was incited.

We do not agree that under the statute, the words "solicit and incite" should be construed as being two separate and distinct elements of the offense. In the case Commonwealth v. Schaller, 72 D. & C. 459, the court decided that in order to sustain a conviction for solicitation to commit sodomy, it is not necessary to show incitement and stimulation in addition to solicitation. In its opinion, the court stated:

"The aim of the statute now under consideration was to punish one who seeks to induce another to participate in sodomy. The proposal is interdicted whether it be presented violently or by entreaty or blandishment.

"The words 'solicit' and 'incite' are virtually synonomous, nothwithstanding our somewhat general practice of according to them slightly different meanings. The import of each is shaded by its context...

"We are wholly unable to concur with defendant's contention that the Commonwealth is bound to establish conduct which goes beyond what is comprehended in the term 'solicitation'."

We agree with the court above that the words "solicit" and "incite" in the statute should be used interchangeably and do not constitute separate elements of the offense.

Defendant further contends that the Commonwealth failed to prove that defendant had the intent to carry out the act of sodomy, but that he used the nasty words merely to satisfy his curiosity as to what Mrs. Schaffer would say when he used these expressions.

We have again read the notes of testimony and we are thoroughly convinced that there was sufficient evidence to sustain a conviction.

Defendant's only defense is that he had no intention of following through with the act. From all the evidence adduced, including defendant's own admissions, there was sufficient evidence from which a jury could reasonably infer that defendant solicited Mrs. Schaffer to commit sodomy and had the intent to complete the act but was frustrated in his plans when he was arrested by the police after making his last telephone call to Mrs. Schaffer. This case involved much more than the mere use of nasty words over a telephone. Mrs. Schaffer was a complete stranger to this defendant prior to these calls, yet defendant went to great lengths to find out who she was, where she lived and ascertain when her husband was home. Contrary to his denial, defendant's conduct shows a well planned scheme of solicitation, inducement and planning in preparation of the completed act.

The trial judge gave defendant the benefit of his contentions in the charge as follows:

"If you, the jury, should find, under all of the evidence in this case, that this defendant had no expectation that Mrs. Schaffer would yield to his suggestion, and there was no intention on his part, notwithstanding the words used, to pursue the matter further than the stage of using dirty and nasty language, and he simply got a thrill from the use of dirty language, with no evil intentions, then he should not be convicted, because the offense requires the

solicitation to be unlawful, intentional, malicious, deliberate and with evil intent."

After reading the notes of testimony and charge, in our judgment this defendant received a fair trial and the verdict is supported by sufficient evidence to warrant the conviction.

### Order

And now, December 18, 1958, for the foregoing reasons, defendant's motions for a new trial and in arrest of judgment are hereby overruled and refused and defendant is directed to appear in Courtroom "C", on January 9, 1959, at 10 a. m., for sentence. An exception is granted.